OPINION
Defendant-appellant Larry Godfrey appeals the Judgment Entry of the Licking County Court of Common Pleas adjudicating him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 7, 1997, the Licking County Grand Jury indicted appellant on one count of rape, in violation of R.C.2907.02(A)(1)(b); six counts of felonious sexual penetration, in violation of R.C. 2907.12(A)(1)(b); and seven counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4).[1] At his arraignment on February 18, 1997, appellant entered pleas of not guilty to the charges contained in the indictment. On February 21, 1997, the Licking County Grand Jury indicted appellant on three additional counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4).[2] At his arraignment on March 3, 1997, appellant entered pleas of not guilty to the additional charges.
The trial court scheduled a jury trial for October 14, 1997. Prior to trial, the trial court granted the State's request to amend the indictments to reflect eight counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and two counts of attempted felonious sexual penetration, in violation of R.C.2923.02 and 2907.12(A)(1)(b). Thereafter, appellant enteredAlford pleas of guilty to the amended charges. The trial court deferred sentencing in the matter until November 14, 1997, pending receipt of a pre-sentencing investigation. After hearing testimony and receiving evidence in mitigation of the sentence, the trial court sentenced appellant as follows:
 In Case No. 97CR71, which was amended to one count of gross sexual imposition, the trial court sentenced appellant to a term of imprisonment of two years. Appellant was credited fourteen days for time served.
 In Case No. 97CR46, on count one, attempted felonious sexual penetration, the trial court sentenced appellant to a term of imprisonment of four to fifteen years.
 On count two, gross sexual imposition, the trial court sentenced appellant to a definite term of two years imprisonment. The trial court ordered the sentences in counts one and two to be served concurrent with one another, but consecutive to the sentence in count one in Case No. 97CR71.
 On counts three and four, gross sexual imposition, the trial court sentenced appellant to two years on each count. The trial court ordered the sentences in counts three and four to run concurrent with one another, but consecutive to the sentences in count one in Case No. 97CR71, and counts one and two in Case No. 97CR46.
 On count five, attempted felonious penetration, the trial court sentenced appellant to three to fifteen years.
 On counts six and seven, gross sexual imposition, the trial court sentenced appellant to two years on each count. The trial court ordered the sentences in counts five, six, and seven to run concurrent with one another, but consecutive to the sentences in count one in Case No. 97CR71, and counts one, two, three, and four in Case No. 97CR46.
 On count eight, gross sexual imposition, the trial court sentenced appellant to two years imprisonment. The trial court ordered the sentence in count eight to run consecutive to the sentences in all other counts.
 On count nine, gross sexual imposition, the trial court sentenced appellant to two years imprisonment. The trial court ordered the sentence to run consecutive to the sentences in all other counts.
 The trial court also ordered appellant to pay all court costs associated with all counts in both cases and to pay restitution in all counts in both cases for any and all damages caused in the matter. The trial court did not impose a fine.
 See, November 14, 1997 Judgment Entry.
After imposing the sentence, the trial court conducted a hearing pursuant to R.C. 2950.09(A). The State and appellant stipulated to the report contained in the pre-sentence investigation of Probation Officer Kelly Miller, and the report of appellant's defense psychologist. The trial court concluded, "based upon the facts and circumstances involved in this case, the reports that are contained in the presentence investigation report, including a report of the psychologist, the report of Mr. Miller, determinations noted in there by Mr. Miller, * * * the defendant is a sexual predator." Excerpt of Sentencing Hearing, November 14, 1997, at 5.
The trial court memorialized appellant's sentence and its adjudication of appellant as a sexual predator in a Judgment Entry dated November 14, 1997.
It is from this judgment entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE COURT ERRED IN DENYING DEFENDANT A CONTINUANCE, PRIOR MAKING A DETERMINATION ON DEFENDANT'S STATUS AS A SEXUAL PREDATOR, TO OBTAIN AN EVALUATION, EXAMINATION, AND ASSESSMENT BY A FORENSIC PSYCHIATRIST.
 II. THE COURT'S DESIGNATION OF DEFENDANT-APPELLANT AS A SEXUAL PREDATOR WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his request for a continuance of the hearing to determine appellant's classification as a sexual predator.
In his Brief to this Court, appellant claims he made an oral motion to continue sentencing in order to have a forensic psychiatrist test and evaluate appellant in respect to a classification of sexual predator. Appellant asserts the trial court denied this motion. The record reflects appellant only requested a partial transcript of the November 14, 1997 sentencing hearing. Upon review of the partial transcript and the record as transmitted in this matter, we find no request (oral or written) for a continuance of the hearing.
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980),61 Ohio St.2d 197. Because appellant has failed to provide this court with those portions of the transcript necessary for resolution of the assigned error, i.e., the complete transcript of the November 14, 1997 sentencing hearing, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth in Knapp, supra.
Accordingly, appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court's classifying him a sexual predator is against the manifest weight of the evidence.
As stated supra, because appellant has failed to provide this Court with the necessary portions of the record, we must presume the regularity of the proceedings below and affirm the trial court's determination. Knapp, supra.
Accordingly, appellant's second assignment of error is overruled.
The judgment entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Licking County Case No. 97CR0046.
[2] Licking County Case No. 97CR0071.